*This opinion will be unpublished and*
*may not be cited except as provided by*
*Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-2051**

Michael Paul Tulenchek-Armstrong, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed August 22, 2016**
**Affirmed**
**Reyes, Judge**

Crow Wing County District Court
File No. 18CV151817

Rich Kenly, Kenly Law Office, Backus, Minnesota (for appellant)

Lori Swanson, Attorney General, Dominic J. Haik, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Schellhas, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

On appeal from the district court's order sustaining the revocation of his driving privileges, appellant argues that the implied-consent advisory "unconstitutionally" misled him and that his consent to submit to the breath test was coerced. We affirm.

**FACTS**

On April 21, 2015, at 4:53 a.m., a Crow Wing county deputy sheriff received a call from dispatch regarding a person asleep in a vehicle. The sheriff approached the running vehicle, where he found appellant Michael Tulenchek-Armstrong unresponsive. When appellant exhibited signs of intoxication, the sheriff conducted field sobriety tests, which appellant failed. The sheriff asked appellant if he would take a preliminary breath test, appellant agreed, and the test resulted in an alcohol concentration of 0.133. The sheriff arrested appellant and transported him to jail.

The sheriff read appellant the implied-consent advisory (ICA) verbatim, and appellant stated that he understood it. Next, the sheriff asked appellant if he wanted to contact an attorney, and appellant declined. Subsequently, the sheriff asked whether appellant would take a breath test, and appellant agreed. The breath test registered an alcohol concentration in excess of 0.08.

Respondent, Minnesota Commissioner of Public Safety, thereafter revoked appellant's driver's license. Appellant timely filed an implied-consent petition seeking rescission of the revocation. The district court conducted a hearing on August 19, 2015, at which appellant raised issues regarding the legality of his stop, arrest, and breath test. In an order filed on October 19, 2015, the district court sustained the revocation of appellant's driving privileges. This appeal follows.

2

**D E C I S I O N**

## I. Standard of review

"This court reviews the district court's findings supporting an order sustaining a license revocation for clear error." *Axelberg v. Comm'r of Pub. Safety*, 831 N.W.2d 682, 684 (Minn. App. 2013), *aff'd* 848 N.W.2d 206 (Minn. 2014). "A finding is clearly erroneous when there is no reasonable evidence to support the finding or when an appellate court is left with the definite and firm conviction that a mistake occurred." *State v. Rhoads*, 813 N.W.2d 880, 885 (Minn. 2012). We give de novo review to questions of law including whether the ICA violates a driver's due-process rights. *Fedziuk v. Comm'r of Pub. Safety*, 696 N.W.2d 340, 344 (Minn. 2005).

## II. The test-refusal statute is constitutional for breath tests.

Appellant argues that the ICA "unconstitutionally" violated his substantive due-process rights by misleading him to submit to a warrantless search and seizure of his breath by leading him to believe that he had no right to refuse such a test. Appellant's argument is misguided.

Minnesota's test-refusal statute provides that "[i]t is a crime for any person to refuse to submit to a chemical test of the person's . . . breath . . . under section 169A.51, (chemical tests for intoxication), or section 169A.52 (test refusal or failure; revocation of license)." Minn. Stat. § 169A.20, subd. 2 (2014). But because drivers have a right to refuse a breath test, the ICA "makes clear that drivers have a choice whether to submit to testing." *State v. Brooks*, 838 N.W.2d 563, 570 (Minn. 2013). Additionally, the ICA informs the person that he has "the right to consult with an attorney." Minn. Stat.

§ 169A.51, subd. 2(a)(4) (2014). Because the test-refusal statute in its entirety articulates to a driver that he must make a choice between complying with or violating a legal requirement for a breath test for intoxication, appellant's argument fails. As such, the ICA is not unconstitutionally misleading with respect to a breath test.

Appellant further argues that *State v. Bernard*, 859 N.W.2d 762 (Minn. 2015), *aff'd sub nom. Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), is contrary to both the Fourth Amendment and *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). We disagree. The United States Supreme Court recently concluded that Bernard "had no right to refuse" the warrantless breath test. 136 S. Ct. 2165. Accordingly, the statute is constitutional.

## III. Appellant voluntarily consented to a breath test.

Appellant next argues that his consent to a breath test was coerced because (1) he was already in custody and under arrest and (2) he did not consult with an attorney. We disagree.

The question of whether a consent search was voluntary and not the product of duress or coercion is a question of fact, which we review under the clearly erroneous standard. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). "Findings of fact are clearly erroneous if, on the entire evidence, we are left with the definite and firm conviction that a mistake occurred." *Id* at 846-47. "'Voluntariness' is a question of fact" that depends on the totality of the circumstances, "including the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994). A person does not consent simply by acquiescing to a claim of lawful authority. *Brooks*, 838 N.W.2d at 569.

In *Brooks*, the supreme court analyzed the totality of the circumstances and concluded that the driver voluntarily consented to testing because (1) he was not confronted with repeated police questioning nor asked to consent after spending "days in custody;" (2) he had the opportunity to consult with an attorney and did so before submitting to testing; and (3) law enforcement read the ICA to him prior to testing. *Id*. at 571-72.

The district court concluded that appellant's consent was voluntary because (1) appellant was in custody for a short period of time and not subjected to repeated questioning or coercive tactics; (2) appellant "had the *opportunity* to call an attorney;" and (3) the sheriff read the ICA before testing. (Emphasis added.)

The district court's findings are supported by the record and are not clearly erroneous. First, the sheriff did not confront appellant with repeated questioning nor was appellant's consent obtained after a prolonged period in custody. Second, the sheriff offered appellant the opportunity to consult with an attorney before taking the test, but appellant elected not to do so. S*ee id*. ("recogniz[ing] that the *ability* to consult with counsel about an issue supports the conclusion that a defendant made a voluntary decision") (emphasis added). Appellant's attempt to distinguish his case from *Brooks* because he did not speak to an attorney before being asked whether he would consent to a breath test is misguided. Voluntariness is based upon the *ability* to consult with counsel, not the actual consultation with an attorney. *See id*. (stating that "[t]he fact that Brooks consulted with counsel before agreeing to take each test reinforces the conclusion that his consent was not illegally coerced"). Third, the record reflects that, shortly after appellant

5

was arrested, the sheriff read the ICA to appellant, and he agreed to take the test. Analyzing the totality of the circumstances, we conclude, as the district court did, that appellant's consent to the breath test was voluntary.

Finally, appellant contends that his consent was not voluntary because he "merely submitted to the law, after being deliberately led to believe that he had no right to refuse." But "a driver's decision to *agree* to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Brooks*, 838 N.W.2d at 570 (emphasis added); *see also Poeschel v. Comm'r of Pub. Safety*, 871 N.W.2d 39, 46 (Minn. App. 2015) (rejecting argument that appellant's consent was involuntary because the ICA penalizes test refusals). Moreover, the Supreme Court affirmed that, pursuant to a lawful DWI arrest, a warrantless breath test is constitutional, and the driver "had no right to refuse [a constitutional search]." *Birchfield*, 136 S. Ct. at 2165. Appellant's argument fails.

## IV.     The test-refusal statute does not violate the unconstitutional-conditions doctrine.

To the extent that appellant argues that the test-refusal statute violates the unconstitutional-conditions doctrine, we recently held that "Minnesota's test-refusal statute does not violate the unconstitutional-conditions doctrine by imposing a criminal penalty on a person who has been arrested for driving while impaired and has refused to submit to a breath test." *State v. Bennett*, 867 N.W.2d 539, 540 (Minn. App. 2015), *review denied* (Minn. Oct. 28, 2015), cert. denied, No. 15-848 (U.S. June 28, 2016); *see also Stevens v. Comm'r of Pub. Safety*, 850 N.W.2d 717, 731 (Minn. App. 2014)

6

(concluding that "Minnesota's implied-consent statute does not violate the unconstitutional-conditions doctrine by authorizing the commissioner of public safety to revoke the driver's license of a person who has been arrested for DWI and has refused to submit to chemical testing").  Appellant's unconstitutional-conditions challenge fails under *Bennett*.

**Affirmed.**